

2014 MAR 10 AM 9: 47

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) ) | No. 69258-5-I |
| v. | ) ) | UNPUBLISHED OPINION |
| JOEY MICHAEL WAYLAND, | ) ) | |
| Appellant. | ) | FILED: March 10, 2014 |

DWYER, J. — Joey Wayland appeals from the judgment entered on a jury's verdict finding him guilty of one count of malicious mischief in the second degree. Wayland contends that the trial court erred by admitting evidence that he had mimicked shooting at theater employees. This is so, he asserts, because the evidence was irrelevant, prejudicial, and constituted evidence of prior misconduct used to prove character. Finding no error, we affirm.

I

On February 17, 2012, employees of the Guild 45th Theatre witnessed Wayland outside, acting in a strange manner. When one employee first noticed Wayland, he was looking at them and shrugging his shoulders. Another employee first noticed Wayland when he began banging on the windows. Once he had gotten the employees' attention, Wayland "lifted up his hand in the shape

of a gun" and mimicked shooting at each employee individually. In response, one of the employees locked the theater door. Wayland then started yelling and banging on the glass window in the door. One of the employees testified that Wayland seemed aggravated and "upset that we had locked the door."

Shortly thereafter, manager Brian Whitish arrived at the theater and tried to enter through the locked door. With Whitish backed up against the locked door, Wayland put his hands into Whitish's pockets and asked, "where's the cash, man?" Wayland pulled a glove out of Whitish's pocket, handed it to Whitish, and said, "just kidding, man." The employees let Whitish into the theater, and managed to close and relock the door before Wayland could get in. Wayland again yelled and banged on the door. Once Wayland stopped hitting the door, he picked up a stanchion and used it to break the box office window.

The King County Prosecutor's Office charged Wayland with malicious mischief in the second degree and attempted theft in the first degree.[1] Before

---

[1] (1) A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously:
    (a) Causes physical damage to the property of another in an amount exceeding seven hundred fifty dollars; or
    (b) Creates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle or property of the state, a political subdivision thereof, or a public utility or mode of public transportation, power, or communication.
RCW 9A.48.080.

(1) A person is guilty of theft in the first degree if he or she commits theft of:
    (a) Property or services which exceed(s) five thousand dollars in value other than a firearm as defined in RCW 9.41.010;
    (b) Property of any value, other than a firearm as defined in RCW 9.41.010 or a motor vehicle, taken from the person of another;
    (c) A search and rescue dog, as defined in RCW 9.91.175, while the search and rescue dog is on duty; or

trial, Wayland filed a motion in limine to exclude any mention of his mimicking shooting the employees and making gang signs. The trial court granted the motion with respect to gang signs, but denied the motion with respect to mimicking shooting the employees. The trial court explained,

> The pointing of the finger in the sense that it looked to the witness as though he was mimicking a gun is prejudicial. The question is whether it's unduly. . . . [B]ecause this is a robbery charge I don't think it's unduly prejudicial.

The trial court further stated:

> I think that in this climate to even utter the word gang is to unduly prejudice the defendant. Particularly when there is no allegation of any sort of gang involvement. . . . [I]t's used loosely, poorly, carelessly, the term gang. . . . [S]he is going to be able to testify that she was intimidated or they were intimidated. So I'm not going to permit the gang symbol speculation. The gun pointing, I think I am. . . . I'm just persuaded that it goes to the predicate. It's predicate behavior that goes to his ability to form intent.

At trial, Wayland argued that he lacked the intent necessary to commit either charged offense because he was highly intoxicated at the time of the event and in a state of excited delirium. A jury convicted Wayland of malicious mischief in the second degree, but was unable to reach a verdict on the count of attempted theft in the first degree. The trial court entered judgment on the count of malicious mischief in the second degree and sentenced Wayland to 14 months in confinement. Wayland appeals.

---

(d) Commercial metal property, nonferrous metal property, or private metal property, as those terms are defined in RCW 19.290.010, and the costs of the damage to the owner's property exceed five thousand dollars in value.
RCW 9A.56.030. "(1) A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020.

II

Wayland contends that the trial court erred by admitting evidence that he mimicked shooting at the theater employees. This is so, he asserts, because the evidence was irrelevant and more prejudicial than probative. We disagree.

We review a trial court's ruling on the admissibility of evidence for abuse of discretion. State v. Darden, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). Discretion is abused "only if no reasonable person would have decided the matter as the trial court did." State v. O'Connor, 155 Wn.2d 335, 351, 119 P.3d 806 (2005); see also Darden, 145 Wn.2d at 619 ("Abuse exists when the trial court's exercise of discretion is 'manifestly unreasonable or based upon untenable grounds or reasons.'" (quoting State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995))).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Relevant evidence is generally admissible. ER 402. "The threshold to admit relevant evidence is very low. Even minimally relevant evidence is admissible." Darden, 145 Wn.2d at 621. Wayland's theory of the case was that his drunkenness and delirium negated the necessary element of "knowing" or "malicious" intent. Wayland's act of mimicking shooting the theater employees demonstrates that Wayland was capable of taking deliberate actions, contrary to defense's theory of the case. As stated by the trial court, "It's predicate behavior that goes to his ability to form intent."

- 4 -

The act of mimicking a shooting also demonstrates that Wayland intended to harass or intimidate the theater employees. Wayland broke the box office window minutes after mimicking the shooting, and a jury could infer that he had the same intent for both actions. Thus, Wayland's act of mimicking a shooting makes it more probable that he had a malicious motive when he broke the box office window. The evidence was therefore relevant and the trial court did not err by so holding.

Additionally, evidence that Wayland mimicked shooting the employees was not substantially more prejudicial than probative. ER 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A trial court's balancing of the evidence's probative value against its prejudicial effect or potential to mislead is entitled to great deference. State v. Luvene, 127 Wn.2d 690, 706-07, 903 P.2d 960 (1995). While, as the trial court recognized, there may have been some potential for prejudice, that potential was outweighed by the evidence's probative value in tending to establish the element of maliciousness. The trial court did not abuse its discretion by admitting the evidence.

Wayland further contends that evidence of his mimicking a shooting was not admissible under ER 404(b). ER 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such

- 5 -

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When a party seeks to admit evidence of prior misconduct,

"the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect."

State v. Gresham, 173 Wn.2d 405, 421, 269 P.3d 207 (2012) (quoting State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)).

The State contends that evidence of Wayland's mimicking a shooting is admissible under ER 404(b) because it is part of the res gestae of the offense. We agree. "[O]ur courts have previously recognized a 'res gestae' or 'same transaction' exception, in which 'evidence of other crimes is admissible [t]o complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'" State v. Lane, 125 Wn.2d 825, 831, 889 P.2d 929 (1995) (second alteration in original) (internal quotation marks omitted) (quoting State v. Tharp, 27 Wn. App. 198, 204, 616 P.2d 693 (1980)). Here, the evidence was part of the res gestae of the offense because it was part of the unbroken sequence of events that occurred at the theater. After the State sought to admit the evidence, the trial court properly conducted the four-step analysis in determining its admissibility. There was never any dispute that Wayland mimicked shooting at the employees.[2] The trial court found that the evidence was offered to show intent, which was a necessary element of both attempted

---

[2] Wayland argued at trial that the evidence was unduly prejudicial, not that the acts had not occurred.

theft in the first degree and malicious mischief in the second degree. Finally, the trial court recognized that while the evidence was prejudicial, that prejudice did not substantially outweigh the evidence's probative value. "ER 404(b) is not designed 'to deprive the State of relevant evidence necessary to establish an essential element of its case.'" State v. Foxhoven, 161 Wn.2d 168, 175, 163 P.3d 786 (2007) (quoting State v. Lough, 125 Wn.2d 847, 859, 889 P.2d 487 (1995)). The trial court did not abuse its discretion by admitting evidence that Wayland mimicked shooting at the employees.

Affirmed.

We concur: